# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; DAVE
JONES AS COMMISSIONER OF INSURANCE; and DOES 1-20,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BARRY J. KRAMER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso) |
|---|---|
| *(El nombre y dirección de la corte es):* SAN FRANCISCO SUPERIOR COURT | CGC **14-541854** |

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman (SBN 172183)      T: 415-433-8000      415-433-4816
Pillsbury & Coleman, LLP, 600 Montgomery St., Fl. 31
San Francisco                    CA    94111

| DATE: *(Fecha)* SEP 26 2014 | CLERK OF THE COURT | Clerk, by *(Secretario)* DE LA VEGA-NAVARRO, Rossaiy | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* The Prudential Insurance Company of America.

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

CEB
www.ceb.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Terrence J. Coleman    (State Bar No. 172183)
Ryan H. Opgenorth (State Bar No. 252273)
Michael J. Quirk        (State Bar No. 283351)
PILLSBURY & COLEMAN, LLP
The Transamerica Pyramid
600 Montgomery St., 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile:  (415) 433-4816
Email: tcoleman@pillsburycoleman.com
        ropgenorth@pillsburycoleman.com
        mquirk@pillsburycoleman.com

Attorneys for Plaintiff
BARRY J. KRAMER

**ENDORSED
FILED**
Superior Court of California
County of San Francisco

**SEP 26 2014**

CLERK OF THE COURT
BY: ROSSALY DELAVEGA-NAVARRO
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BARRY J. KRAMER,<br><br>              Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA; DAVE JONES<br>AS COMMISSIONER OF INSURANCE; and<br>DOES 1-20, inclusive,<br><br>              Defendants. | Case No. **CGC-14-541854**<br><br>**COMPLAINT FOR BREACH OF<br>CONTRACT; BREACH OF THE<br>COVENANT OF GOOD FAITH AND<br>FAIR DEALING; and WRIT OF<br>MANDAMUS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges on information and belief as follows:

1.     Plaintiff BARRY J. KRAMER ("Plaintiff") is an individual who is currently, and at all relevant times was, residing in the State of California.

2.     Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") was and is a business entity authorized to transact business in the State of California, including the marketing, sale and issuance of disability insurance.

3.     Plaintiff is ignorant of the true names and capacities of the Defendants named herein as Does 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

-1-

4.      At all material times herein, each Defendant was acting as individuals or as the agents and employees of the remaining Defendants and in doing the things hereinafter alleged was acting either individually or within the course and scope of said agency and with the permission and consent of its principal. The acts and conduct alleged herein of each said Defendant were known to, authorized by, and/or ratified by the other Defendants.

5.      At all relevant times, Plaintiff was insured under a group long-term disability insurance policy issued and delivered in California by PRUDENTIAL, policy no. G-45013-CA ("the Policy"). The Policy only insured Plaintiff and other participating partners of Plaintiff's law firm. No employees were insured under the Policy.

6.      The Policy obligates PRUDENTIAL to pay and provide monthly disability benefits in the event of a covered disability.

7.      The Policy purports to define "Disability" as follows:

> "You are disabled when Prudential determines that:
>
> –   you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**;
>
> –   you have a 20% or more loss in your **indexed monthly earnings** due to that sickness or injury; and
>
> –   you are under the **regular care** of a **doctor**."

8.      The Policy purports to define "monthly earnings" to mean, in relevant part, "your average monthly compensation from the partnership during the 12 month fiscal year."

9.      At all material times herein, Plaintiff complied with all the material provisions pertaining to the Policy. At all material times herein, the Policy was in full force and effect.

10.     As of on or about November 2010, and while said Policy was in full force and effect, Plaintiff became disabled from his regular occupation as an attorney as a result of, *inter alia*, statin-induced myalgia, myopathy, neuropathy and fatigue, and Plaintiff accordingly became entitled to benefits.

11.     Plaintiff provided notice of disability and claim to PRUDENTIAL and submitted completed claim forms for benefits.

-2-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS

Case No.

1     12.    Despite the fact that Plaintiff's disability and entitlement to benefits under the Policy

2  was obvious and known by PRUDENTIAL, by letters dated December 17, 2012 and March 14, 2013,

3  PRUDENTIAL wrongfully denied Plaintiff's claim for benefits. In denying benefits, PRUDENTIAL

4  relied on the opinions of medical consultants it knew to be biased to claim that Plaintiff's disabling

5  condition was supposedly not supported by "objective evidence" even though it was plainly evident

6  Plaintiff suffered debilitating and known side effects from the medication Lipitor. Plaintiff appealed

7  the denial of benefits to PRUDENTIAL and provided clear and overwhelming evidence that Plaintiff

8  continued to be disabled from severe myalgia, myopathy, peripheral neuropathy and fatigue as a result

9  of the adverse effects on Plaintiff's mitochondrial processes by the statins that he took.

10     13.    By letter dated November 15, 2013, PRUDENTIAL finally accepted that Plaintiff had

11  been and remained unable to perform the material and substantial duties of his regular occupation as a

12  result of statin induced complications, but nevertheless refused to pay benefits, wrongfully claiming

13  that Plaintiff did not suffer a 20% loss in monthly earnings to qualify him for benefits before

14  termination of Plaintiff's coverage. PRUDENTIAL's determination in this regard was based upon a

15  tortured reading of its Policy that it knew to be improper and ignored the clear and undisputed financial

16  information in its possession establishing Plaintiff's loss of earnings entitling him to benefits. By letter

17  dated April 28, 2014, Plaintiff again appealed PRUDENTIAL's denial of benefits. Alternatively, even

18  if Plaintiff had not suffered the loss of earnings PRUDENTIAL claimed was required, its Policy

19  provision in this regard is unlawful, was wrongfully approved by the COMMISSIONER as set forth

20  *infra*, and should be unenforceable. By letter dated August 13, 2014, however, PRUDENTIAL rubber-

21  stamped the denial of benefits and continued to wrongfully refuse to pay the benefits to which Plaintiff

22  is plainly entitled.

23     14.    As a result of the actions of Defendants, and each of them, Plaintiff has been denied

24  disability benefits under the Policy to which he is entitled.

25     15.    As a result of the actions of Defendants, and each of them, Plaintiff has suffered

26  emotional distress and anxiety in an amount to be shown at trial.

27  ///

28  ///

-3-

1    16.    As a further result of the actions of Defendants, and each of them, Plaintiff has been

2  forced to engage the services of legal counsel for the purpose of obtaining his insurance benefits and

3  has suffered other consequential loss.

4    17.    At all material times herein, PRUDENTIAL and Does 1 through 10 have engaged in

5  conduct that was oppressive, fraudulent and malicious within the meaning of Civil Code §3294, and

6  said Defendants, and each of them, are liable for exemplary damages in an amount to be shown at trial,

7  including treble punitive damages pursuant to Civil Code §3345. Plaintiff is disabled within the

8  meaning of Civil Code §1761(g) and PRUDENTIAL and Does 1 through 10, and each of them, knew

9  or should have known that its conduct was directed to a disabled person within the meaning of Civil

10  Code §1761(g); Defendants' conduct caused Plaintiff to suffer loss of replacement income and assets

11  essential to his health and welfare; and Plaintiff was substantially more vulnerable than other members

12  of the public to Defendants' conduct due to poor health and disability and actually suffered substantial

13  physical, emotional, or economic damage resulting from Defendants' conduct.

14  ### FIRST CAUSE OF ACTION

15  ### Breach of Contract
16  ### (against PRUDENTIAL and Does 1 through 10)

17    18.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 17 of this

18  Complaint as though fully set forth herein.

19    19.    At all material times herein, Defendants, and each of them, issued disability insurance

20  to Plaintiff as aforesaid.

21    20.    Plaintiff has complied with all material conditions required under the terms of the

22  Policy.

23    21.    Plaintiff is disabled from his regular occupation and Plaintiff is entitled to benefits

24  under the aforementioned Policy. Defendants, and each of them, are estopped from asserting and have

25  waived all contractual provisions, if any, purporting to limit their obligations to provide disability

26  benefits.

27  ///

28  ///

-4-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS                    Case No.

1     22.     At all material times herein, Defendants, and each of them, have failed and refused to

2 honor their Policy of insurance with Plaintiff and Defendants, and each of them, have refused to pay

3 benefits due under the Policy and are liable for breach of contract.

4     23.     As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in

5 Paragraphs 14-16 above.

6 **SECOND CAUSE OF ACTION**

7 **Breach of the Covenant of Good Faith and Fair Dealing**
**(against PRUDENTIAL and Does 1 through 10)**

8

9     24.     Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 23 of this

10 Complaint as though fully set forth herein.

11     25.     At all material times herein, Defendants, and each of them, owed Plaintiff a duty of

12 good faith and fair dealing with respect to the payment of his insurance benefits and covenanted that

13 they would do nothing to impair Plaintiff's rights to receive the benefits of the insurance Policy.

14     26.     At all material times herein, Defendants, and each of them, violated their covenant of

15 good faith and fair dealing by, *inter alia,* the following:

16     A.     Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim

17 fairly or in good faith, but, on the other hand, utilizing the information available to it in a manner

18 calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

19     B.     Consciously and unreasonably setting out to create a plausible sounding basis

20 upon which to deny Plaintiff's claim and seeking to obtain information calculated to permit it to claim

21 that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

22     C.     Consciously and unreasonably failing to thoroughly and fairly investigate all

23 information reasonably available to it;

24     D.     Consciously and unreasonably failing to investigate all bases upon which to pay

25 and honor Plaintiff's claim for benefits and consciously and unreasonably failing to investigate all

26 bases to support coverage;

27     E.     Consciously and unreasonably delaying, refusing, and continuing to refuse to

28 pay Plaintiff benefits properly payable under the Policy and to deprive Plaintiff of his rightful benefits

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS          Case No.

1   with the knowledge that said delays and denials were and are wrongful and contrary to their

2   obligations under their Policy and the law;

3          F.    Consciously and unreasonably failing to investigate Plaintiff's claim fairly and

4   in good faith and refusing to give Plaintiff's interests at least as much consideration as they gave their

5   own;

6          G.    Consciously and unreasonably failing to adopt and implement reasonable or

7   proper standards applicable to the prompt and fair investigation of processing of Plaintiff's claim under

8   the Policy;

9          H.    Consciously and unreasonably failing to attempt in good faith to effectuate a

10   prompt, fair and equitable settlement of Plaintiff's claim even though liability therefor was and is

11   reasonably clear;

12          I.    Consciously and unreasonably refusing to pay Plaintiff's claim with the

13   knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's

14   expense;

15          J.    Consciously and unreasonably adopting a position and interpretation of the

16   meaning of "Disability" and "Monthly Earnings" under the Policy which it knew to be improper; and

17          K.    Consciously and unreasonably interpreting information available to it in such a

18   way as would justify termination of benefits even though Defendants knew that such interpretation was

19   contrary to the facts and was wrongful.

20       27.    Said conduct of Defendants, and each of them, included unfair or deceptive acts or

21   practices or unfair methods of competition as part of a pattern and practice of improper claims

22   administration.

23       28.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in

24   Paragraphs 14 through 16 above. Further, Plaintiff seeks punitive damages from the Defendants, and

25   each of them, as set forth in Paragraph 17 above.

26   ///

27   ///

28   ///

-6-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS              Case No.

## THIRD CAUSE OF ACTION

### Writ of Mandamus
### (against JONES as COMMISSIONER OF THE CALIFORNIA
### DEPARTMENT OF INSURANCE and Does 11-20)

29.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    The California Department of Insurance (hereinafter "DOI") is a governmental agency unit of the State of California, and operates independently under the control of an elected Insurance Commissioner (hereinafter "COMMISSIONER") pursuant to Insurance Code § 12906. The COMMISSIONER is presently DAVE JONES. The DOI is required by Insurance Code § 12905 to maintain their offices in San Francisco and the DOI and COMMISSIONER do so.

31.    The COMMISSIONER must approve all disability insurance policies for sale, issuance or delivery in California pursuant to Insurance Code §§ 10270.9, 10290 and 10291.5. The COMMISSIONER is required to rigorously apply standards in order to "prevent, in respect to disability insurance, fraud, unfair trade practices and insurance economically unsound to the insured." §10291.5(a)(1).  Further, the COMMISSIONER is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued.  § 10291.5(b)(1).

32.    The COMMISSIONER is also prohibited from approving any disability policy which fails to conform in any respect with any law of this state.  § 10291.5(b)(13). This duty is mandatory, and operates independently of and / or in addition to § 10390's requirement that disability policies be construed to conform with the Insurance Code even if they include less favorable provisions.

33.    Insurance Code § 12921 mandates that "The COMMISSIONER shall perform all duties imposed upon him by provisions of this Code and other laws regulating the business of insurance in this State, and shall enforce the execution of such provisions and laws."  Section 12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance with all provisions of [the Insurance] Code."  Further, § 12940 provides that "The acts and orders of the COMMISSIONER are

-7-

1   subject to such review, or other action by a court of competent jurisdiction, as is permitted or

2   authorized by law."

3          34.   On information and belief, Plaintiff alleges that the COMMISSIONER and the DOI

4   approved the policy forms comprising the Policy under which Plaintiff was insured. Their approval of

5   such forms violated their mandatory duties under California law as discussed, *supra*, and constituted an

6   abuse of discretion. The forms failed to contain mandatory minimum requirements of the Insurance

7   Code with respect to policy definitions of disability and contain "proof of claim" provisions that are at

8   variance with and less favorable to their insureds than required by California law.

9          35.    In particular, the Policy purports to condition payment of disability benefits without

10  regard to whether the insured is able to perform the substantial and material duties of his own or other

11  gainful occupation *with reasonable continuity* and *in the usual and customary way*. In determining

12  disability under an own occupation analysis, California law requires insurers to take into consideration

13  an insured's ability to work in his or her usual occupation with reasonable continuity in the usual and

14  customary way. PRUDENTIAL's Policy purports to allow it to omit any consideration as to the

15  insured's ability to perform the occupation with reasonable continuity in the usual and customary way

16  when determining whether an insured is totally disabled, and, when making its disability

17  determination, PRUDENTIAL failed and refused to consider such factors. Moreover, California law

18  does not permit insurers to condition a finding of total disability on the insured's loss of income. Yet,

19  the Policy purports to condition payment of benefits on the insured suffering a 20% loss of monthly

20  earnings. The subject Policy and forms therefore failed to comply with § 10291.5(b)(1) and (13), but

21  the COMMISSIONER nevertheless approved such Policy and forms.

22         36.    The Policy further purports to contain a Proof of Claim provision, which

23  PRUDENTIAL contends requires submission of contemporaneous treatment records in order for

24  disability to be established and benefits to become payable. Such a provision allows an insurer to

25  withhold all benefits to a plainly disabled insured, even where, as here, the disability is established by

26  certifications and statements of disability by treating physicians and subsequent examinations and

27  testing. Accordingly, the subject Policy failed to comply with California law, and in particular §

28  10291.5(b)(1) and (13), but the COMMISSIONER nevertheless approved such Policy.

-8-

1     37.    On information and belief, Plaintiff alleges that the COMMISSIONER and DOI have

2    failed to perform the duties imposed upon the COMMISSIONER to require compliance with the

3    California Insurance Code, including but not limited to §§790.03(h) and 10291.5, as well as the Fair

4    Claims Settlement Practices Regulations. The acts and omissions of the COMMISSIONER and DOI

5    have contributed to Defendants' ability to perpetuate the unlawful, fraudulent and other wrongful acts

6    alleged herein.

7     38.    By this action, Plaintiff seeks, in addition to all other remedies sought herein, an order

8    from this Court mandating that the COMMISSIONER and DOI perform the duties imposed upon them

9    by law, as described hereinabove, and take corrective action as is reasonably necessary to respond to

10    the fraudulent and unlawful conduct of Defendants, including but not limited to, the correction of

11    Defendants' insurance policy forms to conform to California law. In particular, Plaintiff seeks a writ

12    of mandate compelling the COMMISSIONER to withdraw and/or revoke approval of the Policy and

13    forms, either entirely or insofar as their provisions violate § 10291.5(b)(1) and (13) as described above.

14    WHEREFORE, Plaintiff prays as follows:

15    <u>AS TO THE FIRST AND SECOND CAUSES OF ACTION</u>

16    1.    For damages according to proof;

17    2.    For general damages according to proof;

18    3.    For exemplary damages according to proof;

19    4.    For attorneys' fees and costs as sued herein; and

20    5.    For such other and further relief as the Court may find appropriate.

21    <u>AS TO THE THIRD CAUSE OF ACTION</u>

22    6.    A Writ mandating that the COMMISSIONER and DOI perform the duties imposed

23    upon them by law, including corrective action with respect to the subject Policy and policy forms at

24    issue herein, and in particular, a writ of mandate compelling the COMMISSIONER to withdraw and/or

25    revoke approval of the Policy and forms, either entirely or insofar as their provisions violate §

26    10291.5(b)(1) and (13).

27    7.    For such other and further relief as the Court may find appropriate.

28    **JURY TRIAL IS HEREBY DEMANDED**

-9-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT             Case No.
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS

Dated:  September 26, 2014                    PILLSBURY & COLEMAN, LLP

                                         By:  _____
                                              Terrence J. Coleman
                                              Ryan H. Opgenorth
                                              Michael J. Quirk
                                              Attorneys for Plaintiff
                                              BARRY J. KRAMER

-10-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State number, and address): | FOR COURT USE ONLY |
|---|---|

Terrence J. Coleman                               SBN172183
Pillsbury & Coleman, LLP
600 Montgomery St., Fl. 31, San Francisco, CA 94111
TELEPHONE NO: 415-433-8000    FAX NO: 415-433-4816
ATTORNEY FOR (Name): Plaintiff BARRY J. KRAMER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME:    Kramer v. The Prudential Insurance Company

**ENDORSED**
**F E D**
Superior Court of California
County of San Francisco

**SEP 2 6 2014**

**CLERK OF THE COURT**
BY: ROSSALY DELAVEGA-NAVARRO
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: **CGC-14-541854**  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Three (3)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 26, 2014

Terrence J. Coleman
_____        ►_____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.CalCourtForms.com   www.courtinfo.ca.gov |

CASE NUMBER: CGC-14-541854 BARRY J KRAMER VS. THE PRUDENTIAL INSURANCE CC

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **FEB-25-2015**

**TIME:**    **10:30AM**

**PLACE:**    **Department 610**
             **400 McAllister Street**
             **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference. However, it would facilitate
> the issuance of a case management order **without an appearance** at the case
> management conference if the case management statement is filed, served and lodged in
> Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
> CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
> JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
> SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
> PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



---

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>**DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.    BASF    assists    parties    with    mediator    selection,    conflicts    checks    and    full    case management.  www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates.  ADR organizations may also charge an administrative fee.  Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____

**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | |
|---|---|
| _____ | _____ |
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  04/14              **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| **TELEPHONE NO.:**          **FAX NO.** *(Optional):* | |
| **E-MAIL ADDRESS** *(Optional):* | |
| **ATTORNEY FOR** *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
> **STREET ADDRESS:**
> **MAILING ADDRESS:**
> **CITY AND ZIP CODE:**
> **BRANCH NAME:**

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **CASE MANAGEMENT STATEMENT** | **CASE NUMBER:** |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                Time:                Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in ☐ complaint  ☐ cross-complaint      *(Describe, including causes of action):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |